CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

LORINDA I. LARYEA (DCBN 99769)
Chief, White Collar and Corporate Enforcement Section

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

SAILAJA PAIDIPATY (NYBN 5160007)
EVAN M. MATEER (CABN 326848)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
Evan. Mateer@usdoj.gov
Sailaja.Paidipaty@usdoj,gov

LAURA CONNELLY (DCBN 241537)
White Collar and Corporate Enforcement Section

U.S. Department of Justice
White Collar and Corporate Enforcement
1400 New York Avenue NW
Washington, DC 20005
Telephone: 202-307-1423
Laura.Connelly@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABRAHAM SHAFI,<br><br>Defendant. | **CASE NO. 4:25-cr-00258-YGR**<br><br>**UNITED STATES' APPLICATION AND [PROPOSED] ORDER PERMITTING DISCLOSURE OF GRAND JURY TRANSCRIPTS** |

The United States respectfully requests an order under Federal Rule of Criminal Procedure 6(e)(3)(E)(i) authorizing the government to provide defendant's counsel with copies of the grand jury

testimony of witnesses whom the government may call in its case-in-chief at trial. Trial is currently set for March 2, 2027. The Court set a deadline in this case for January 5, 2027, for production of Rule 16, *Brady*, and *Giglio* materials. The production is necessitated by the disclosure provisions of the Jencks Act, 18 U.S.C. § 3500, as implemented by Federal Rule of Criminal Procedure 26.2, and is requested to assist the government in timely complying with its discovery obligations.

The secrecy provisions of Federal Rule of Criminal Procedure 6(e)(3)(E) provide in part that: "The Court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . (i) preliminarily to or in connection with a judicial proceeding." In *U.S. Indus., Inc. v. U.S. Dist. Ct. for S. Dist. of Cal., Cent. Div.*, 345 F.2d 18, 21 (9th Cir. 1965), the Ninth Circuit held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." The Ninth Circuit listed five policy considerations underlying the need for grand jury secrecy:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosures of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at 22 (quoting *United States v. Amazon Ind. Chem. Corp.*, 55 F.2d 254 (D. Md. 1931)).

In this case, the policy considerations requiring secrecy over the grand jury materials do not prevent their disclosure to defense counsel. The defendant has already been charged. *See In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464, 470 (E.D. Penn. Oct. 14, 1971) (stating that "once a grand jury has concluded its work, the courts have, to some degree, relaxed the secrecy principle"). Disclosing the testimony of witnesses before the grand jury who may testify at trial would therefore not implicate these policy concerns. Moreover, disclosure of the grand jury testimony is in the interest of justice because it will permit defense counsel to have Jencks Act materials before trial pursuant to 18 U.S.C. § 3500.

For these reasons, the United States respectfully requests an order under Federal Rule of Criminal

Procedure 6(e)(3)(E)(i) authorizing the government to provide defendant's counsel with copies of the grand jury testimony of witnesses whom the government may call in its case-in-chief at trial.

DATED: October 27, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

LORINDA I. LARYEA
Chief, White Collar and Corporate Enforcement Section
Criminal Division
U.S. Department of Justice

/s/

SAILAJA M. PAIDIPATY
EVAN M. MATEER
Assistant United States Attorneys

LAURA CONNELLY
White Collar and Corporate Enforcement Section
U.S. Department of Justice

**[PROPOSED] ORDER**

Based on the representations of counsel, and good cause appearing, it is HEREBY ORDERED that the United States is authorized to disclose copies of the grand jury testimony of witnesses whom the government may call in its case-in-chief at trial to defense counsel.

Dated:

____________________________________
HON. YVONNE GONZALEZ ROGERS
United States District Judge